UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SALTER, | ) | Case No. 1:04 CV 1682 |
| | ) | |
| Petitioner, | ) | Judge Patricia A. Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| SAM TAMBI, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

On August 1, 2002, petitioner James Salter (hereinafter "Salter")was arraigned in
Cuyahoga County Common Pleas Court on a three-count indictment charging driving under the
influence of alcohol, possession of drugs and possession of criminal tools.  Plea bargaining
ensued and Salter agreed to amend his plea to guilty to driving under the influence of alcohol
with the remaining two counts dismissed.  Following change of plea, Salter moved under Ohio
Crim. R. P. 32.1 to withdraw his plea (Respondent's Exhibit 3).  Salter claimed "he feared the
potential consequences of going to trial and because he felt pressure to do so" as the basis to
withdraw his plea.  The motion was denied (Respondent's Exhibit 4) and on January 14, 2003
Salter was sentenced to four years incarceration (Exhibit 5).  The trial court included the
required verbiage that the penalty was consistent with Ohio Revised Code §2929.11 and that
it would demean the seriousness of the offense if defendant were not sentenced to a four-year
term because of defendant's prior criminal record, numerous incarcerations, and numerous
driving under the influence and driving under suspension convictions (Exhibit 5).  Salter
thereafter exercised his state appeals and has exhausted his state remedies.  See *State v. Salter*,
2003 WL 22413518, 2003 - Ohio - 5652 (Ohio App. 8th Dist.) appeal denied, 101 Ohio St.3d

1:04CV1682                                          2

1491, 805 N .E.2d 541, 2004 - Ohio - 1293 (Table 2004).  Salter is now in federal district court

under 28 U.S.C. §2254 seeking federal habeas corpus review on four grounds.


*Federal Standard of Review:*

For purposes of federal collateral review, all claims adjudicated on their merits by state

courts are governed by 28 U.S.C. §2254(d)(1) and (2).   A district court has very restricted

congressionally granted powers under the limited standard of review granted under 28 U.S.C.

§2254(d).  See *Williams v. Taylor*, 529 U.S. 362, 402-03, 117 S.Ct. 1495, 146 L.Ed.2d 389

(2000)*; Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).  The extent

of permissible federal review of state convictions is set forth in statute as follows:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim  - - -
>
> (1) resulted in a decision that was *contrary to*, or involved an
> *unreasonable application* of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding (emphasis supplied).


The phrases "contrary to" and "unreasonable application" are not the same.  *Lockyer v.*

*Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).   Under the

"contrary to" standard of review, the state court's decision is "contrary to" clearly established

federal law when it "confronts a set of facts that are materially indistinguishable from a decision

of [the Supreme Court] and nevertheless arrives at a result different from [this] precedent."

1:04CV1682                                        3

*Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Mitchell*

*v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003).   Under those

circumstances the Supreme Court has held that the federal court on habeas review may grant

the writ.  *Id.*   The phrase "clearly established Federal law" refers to holdings, as opposed to

*dicta,* of the U.S. Supreme Court at the time of the relevant state court decision.  *Lockyer*, 538

U.S. at 71-72, 123 S.Ct. at 1172; *Williams v. Taylor*, 529 U.S. at 412; *Bell v. Cone*, 535 U.S.

at 698.


        Under the "unreasonable application" standard, "the state court identifies the correct

governing legal rule from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413; *Wiggins v. Smith*, 539

U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003).  This includes both the state court's

refusal to extend and its unreasonable extension of existing legal principles from Supreme Court

precedent to new contexts.  See *Williams*, 529 U.S. at 407.


        However, the Supreme Court has stated that a federal reviewing court may not find a

state court adjudication to be "unreasonable," "simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly."  *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 1522,

146 L.Ed.2d 389 (2000).  The unreasonable application of precedent must be "objectively"

unreasonable.  *Id.,* 529 U.S. at 409, 120 S.Ct. at 1521.

1:04CV1682                                     4

> *Ground One:*          Sixth and Fourteenth Amendment.
>
> *Supporting Facts:*    Petitioner was denied a Sixth Amendment right
>                        to trial by jury and unconstitutionally sentenced
>                        to a four (4) year term of imprisonment based on
>                        factors not alleged in the indictment nor admitted
>                        by defendant.

Respondent counters Salter's first ground contending that federal review is barred due to procedural default because this federal issue was not "fairly presented" in the state courts. Respondent further argues that general allegations of denials of due process do not "fairly present" claims of violation of specific constitutional rights  because Salter did not cite federal case law identifying how the errors constituted denials of  fair trial or due process rights nor how his case mirrored cases in which such denials have been found. [1] Salter's traverse establishes that respondent's anticipation that his first ground as an attempt to raise a new claim, under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is correct.  A federal court will not address a habeas petitioner's claim unless the petitioner has first fairly presented his claim to the state courts.  *Dietz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004), *Hannah v. Conke*, 49 F.3d 1193, 1196 (6th Cir. 1995).  Respondent is correct that federal review

---

[1] In this circuit, analysis of whether a petitioner has "fairly presented" the same claim in the state courts is determined by whether petitioner can show

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or
>
> (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), *cert denied*, 532 U.S. 958 (2001).

1:04CV1682                                        5

is barred by procedural default, and Salter has not countered this argument by submitting "cause and prejudice" to excuse the procedural default.  See *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2457, 53 L.Ed.2d 594 (1977);  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Ritchie v. Eberhart*, 11 F.3d 487, 491 (6th Cir. 1993), *cert. denied*, 510 U.S. 1135 (1994).

It is clear that Salter was challenging sufficiency of the indictment before the state courts, and not raising an *Apprendi*-type challenge to sentencing factors.[2] A claim based on indictment sufficiency under *Cole v. Arkansas* is not interchangeable with a claim based on sentence augmentation under *Apprendi v. New Jersey*.  They are separate and distinct claims, so that the *Apprendi* challenge to sentencing was not raised to the state courts.

The undersigned is aware that one of the cases cited in the Memorandum in Support of Jurisdiction to the Ohio Supreme Court, *U.S. v. Stubbs*, 279 F.3d 402 (6th Cir. 2002), cert. granted and judgment vacated, 125 S.Ct. 993 (2005), did apply *Apprendi*.  *Id.*, 279 F.3d at 408-09.  This rule is now well established that any fact, other than prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be pleaded in the indictment, submitted to the jury and proved beyond a reasonable doubt.  *Apprendi*, 530 U.S.

---

[2] Salter referred to federal constitutional principles in regard to his challenge to indictment sufficiency, arguing the right to be informed of the nature and cause of the accusation, denial of due process when conviction occurs upon an uncharged offense, and the right to notice of specific charge, relying on: *Cole v. Arkansas*, 333 U.S. 156 (1948); *DeJonge v. Oregon*, 299 U.S. 353 (1937); and *Argersinger v. Hamlin*, 407 U.S. 25 (1972). (Memorandum p. 2-6).  His second set of federal constitutional based arguments appeared in regard to his challenge to denial of his plea withdrawal motion, relying on: *U.S. v. Stubbs*, 279 F.3d 402 (6th Cir. 2002); *Boykin v. Alabama*, 395 U.S. 238 (1969); and *McCarty v. U.S.* , 394 U.S. 459 (1960).

at 490.  However, as argued to the Ohio Supreme Court, Salter was relying on that part of *Stubbs* where the court agreed with the argument that but for misinformation regarding sentencing, Stubbs would not have pleaded guilty.  *Id.* at 410, Memorandum, pg. 10, Exh. 12. To be "fairly presented" the federal ground must be presented under the same theory as when presented to the state court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004).  "Relatedness of the issues . . . does not save [petitioner's] claim."  *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001). Thus, *Apprendi*'s holding was never placed before the Ohio Supreme Court, and even if it were, the state trial court had made it abundantly clear that the four-year sentence was due to Salter's prime criminal conviction record.

Consequently, Salter has created a peculiar species of procedural default due to his failure to "fairly present" his arguments to the Ohio Supreme Court.  Generally, the federal courts require a "plain statement" from the state courts that the claim is rejected due to procedural default. *Coleman v. Thompson*, 501 U.S. 723, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  However, "[t]his rule necessarily applies only when a state court has been presented with a federal claim, as will usually be true given that a federal claimant exhausts state-court remedies before raising the claim in a federal habeas petition." *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1980); *Coleman*, 501 U.S. at 734.

Bypassing the Ohio Supreme Court results in a procedural default which serves as an adequate and independent state ground to bar federal review.  See *Lordi v. Ishee*, 384 F.3d 189,

1:04CV1682                                    7

194 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  "Federal courts lack

jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts."

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877

(6th Cir. 2003).  Consequently, federal review of Salter's newly-minted claim is barred.


>       *Ground Two:*          Fourteenth Amendment.
>
>       *Supporting Facts:*    Petitioner was denied due process of law when
>                              he was sentenced to a felony of the third degree
>                              when the indictment did not properly allege the
>                              necessary elements to constitute a felony of the
>                              third degree.

Ohio's Eighth District Court of Appeals provided the last reasoned state court decision,

which found no merit, and further that the deficiencies in the indictment were waived by

Salter's guilty plea.  *Salter*, 2003 WL 22413518 at ¶¶7-14.  Salter criticizes the state court's

main argument because the decision relies on state judicial precedent concerning collateral, as

opposed to direct review.  This criticism is fair, but the state court did also state, "[a]lthough

the indictment did specify his charge as a third degree felony, because Salter had a prior felony

DUI conviction, the degree of the offense was elevated to a third degree felony pursuant to R.C.

4511.99(A)(4)(a)(ii)."[3]

------

[3]   Ohio Rev. Code §4511.99(A)(4)(a)(ii) reads: If the offender previously has been
convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised
Code under circumstances in which the violation was a felony, regardless of when the prior
violation and the prior conviction or guilty plea occurred, the offender is guilty of a felony of
the third degree.  The court shall sentence the offender in accordance with sections 2929.11 to
2929.19 of the Revised Code and shall impose as part of the sentence a mandatory prison term
of sixty consecutive days of imprisonment in accordance with division (G)(2) of section
2929.13 of the Revised Code.
*Anderson* (2003).

1:04CV1682                                    8

Respondent counters first that this claim is not cognizable in federal habeas corpus because there is no constitutional right to an indictment citing *Hutardo v. California*, 110 U.S. 516 (1884) and *Branszburg v. Hayes*, 408 U.S. 665 (1972).  Second, respondent adds that to the extent Salter may raise a constitutional claim it is procedurally defaulted for failure to fairly present it to the state courts.   The cases relied on by respondent are not germane and, referring back to the first footnote, Salter did rely on federal constitutional principles to challenge the sufficiency of his indictment.

As a matter of federal constitutional law:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and chance to be heard in trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceedings in all courts, state, or federal . . .

*Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed.644 (1948).

The indictment specifically contained specification of prior conviction of driving under the influence offense (Respondent's Exhibit 1).  It did not, as Salter points out, identify the prior conviction as a felony.  Salter, though, does not deny that it was a felony, and this is a matter that both Salter and defense counsel were aware.  Accordingly, the prior offense specification in the indictment read in conjunction with Ohio Revised Code §4511.99(A)(4)(a)(ii) provided reasonable notice that "the offender is guilty of a felony of the third degree."  The indictment did sufficiently apprise Salter that he was charged with a felony of the third degree, and that part of the state court's decision on the merits was not contrary to nor an unreasonable application of federal law.

1:04CV1682                                                    9

> *Ground Three:*        Fourteenth Amendment.
>
> *Supporting Facts:*    Petitioner was denied due process of law when he was not allowed to withdraw his plea or his plea was not knowingly, intelligently or voluntarily entered.

Respondent counters that this claim is not cognizable in federal habeas corpus because there is no constitutional right to withdraw a guilty plea, citing *U.S. v. Lester*, 247 F.2d 496,500 (3rd Cir. 1958) and *U.S. v. Hughes*, 325 F.2d 79 (2nd Cir.), *cert. denied*, 377 U.S. 907 (1964). The state appellate court relied on similar reasoning from *Barker v. U.S.*, 579 F.2d 1219, 1223 (10th Cir. 1978). While these cases state there is no "right" of plea withdrawal, the inquiry does not end there. The undersigned is guided by *U.S. v. Hyde*, 520 U.S. 670, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997), which sets out the "fair and just reason" standard for withdrawal of pre-sentence guilty pleas even though the pleas had been accepted by the trial court. This standard is more liberal than the "necessary to correct manifest injustice" standard proposed by dissenting Justices Douglas, Stewart and Marshall in *Neely v. Pennsylvania*, 411 U.S. 954, 93 S.Ct. 1934, 1936, 36 L.Ed.2d 416 (1976) (Mem.) (dissenting view urged adoption of ABA Minimum Standards of Criminal Justice Draft for 1968 that defendant has no "right" to withdraw a plea once it has been accepted by the court). "Ultimately, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992).

1:04CV1682                                    10

The state trial court held a hearing on this matter where it considered the reasons provided by Salter, that "he did not voluntarily enter his guilty plea because he was afraid that if he went to trial on the scheduled date, he would miss an opportunity to visit with his wife, who was being released from prison on that date," and his claim of, " pressure from his family or from other unidentified sources to enter a guilty plea." *Salter*, 2003 WL 22413518 at ¶28.

"'[A] plea of guilty entered by one fully aware of the direct consequences, . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984), quoting *Brady v. U.S.*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). The source of duress or coercion is not limited to government actors. See *U.S. v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (alleged threats from unindicted co-conspirator against defendant's family). However, family pressure, anxiety, depression, stress or strong urging by third parties does not generally convert a voluntary plea into an involuntary one. See *U.S. v. Burns*, 234 F.3d 1278 (unpublished Table 9th Cir. 2000); *Brown v. LaValle*, 424 F.2d 457, 461 (2nd Cir. 1970); *Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir. 1986); *Miles v. Dorsey*, 61 F.3d 459, 470 (10th Cir. 1995). Statements made by an offender's family encouraging acceptance of the guilty plea, which might be considered coercive if made by the judge or prosecutor, are not coercive when made by family or counsel. *Brown*, 424 F.2d at 461. The only reasons offered were that a trial date was inconvenient but he felt "pressure" to accept the guilty plea. This certainly was not a "fair

1:04CV1682                                     11

and just" reason to allow Salter to withdraw the guilty plea and consequently Salter has not

shown that the denial of his presentence motion to withdraw guilty plea was contrary to an

unreasonable application of clearly established federal law.


       At the heart of Salter's petition is his fourth ground which reads:

          *Ground four:*          Fourteenth Amendment.

          *Supporting Facts:*     Petitioner was denied due process of law when
                                  petitioner was not informed that under the law he
                                  could not receive a community control sanction
                                  and where he was improperly sentenced to a term
                                  of imprisonment of four (4) years contrary to
                                  special sentencing statute applicable to OMVI
                                  sentencing statutes.

       Salter's fourth ground is a composite of his fourth and fifth propositions of law to the

Ohio Supreme Court.[4]  Respondent has graciously invited the Court to address these issues,

though acknowledging that they do not appear to have been "fairly presented" to the state

courts.  The Court should decline this invitation.  It is quite clear from reading the memorandum

in support of jurisdiction to the Ohio Supreme Court that both these propositions of law were

presented as matters of state statutory construction.  In fact, Salter concedes, "It appears that

the sentence was totally non-probationable nor subject to community control sanction."

_____

       [4] Proposition of law No. IV:
       A defendant is denied due process of law when the court fails to inform defendant that
       he could not receive a community control sanction.

       Proposition of law No. V:
       A defendant is denied due process of law when he is sentenced to a term of
       imprisonment of four (4) years contrary to the special OMVI sentencing statutes.

(Memorandum in Support of Jurisdiction, Respondent's Exhibit 12 at i).

1:04CV1682                                    12

Nonetheless he attempts to analogize his situation  to the one in *Hart v. Marion Correctional Institution*, 927 F.2d 256 (6th Cir. 1991), where the maximum period of incarceration was misstated.  That case is inapposite.  The maximum period of incarceration for Salter's felony in the third degree was five years.  He was so advised at the plea hearing, but only received a sentence of four years.  Salter's line of reasoning is inapplicable.

The state appellate court citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990), held that with regard to Ohio's Rule 11 non-constitutional requirements such as notice to the offender that he is ineligible for community control, substantial compliance with Rule 11(C) is all that is necessary.  Secondly, the court found that there was substantial compliance, in any event, because Salter was informed that he was subject to a minimum 60 days incarceration which obviously meant that Salter could not receive community control sanctions in lieu of prison.  The court found that the trial court statements substantially met the requirements of Ohio's Rule 11(C)(2)(a).

First, a little background is necessary to understand Salter's arguments concerning community control.  Ohio's Criminal Rule of Procedure  11(C)(2)(a) requires the court to address the defendant in felony cases when taking a plea to inform defendant when applicable, that defendant is not eligible for probation or for the imposition of community control sanctions.[5]  Salter's claim boils down to the fact that he concedes he was not eligible for

_____

[5] Community control is defined under  Ohio Revised Code, §2929.01(F) and its enabling provisions are found in Ohio Revised Code §2929.15 through 2929.18.  Community control allows less restraining forms of custody including community residential sanctions which allow for release to maintain employment, education or treatment, and or minimum security confinement, day reporting, house arrest, and community service (See Ohio

1:04CV1682                                    13

community control sanctions but the trial court failed to inform him that he was not eligible for community control sanctions.


While the community control provision of Ohio's Rule 11(C) lacks a federal counterpart, it could be loosely analogized to the notice requirement for special parole and supervised release of Federal Rule 11(c)(1). The emphasis is on "loosely" because supervised release adds an additional penalty, whereas Ohio's community control sanction allows less burdensome forms of custody. The state requirement to inform the offender of ineligibility simply informs the offender that he is prison-bound and does not add any additional penalty over and above incarceration. The courts have held the district court's failure to inform the offender of supervised release is harmless error. See *U.S. v. Williams*, 899 F.2d 1526, 1531 (6th Cir. 1990); *U.S. v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992) (withdrawal of guilty plea). Under the circumstances, it is absolutely clear that no substantial rights were affected by the trial court's failure to notify Salter specifically that he was not eligible for community control.


Moreover if there was error of any constitutional dimension, it was harmless error because Salter concedes he is ineligible for community control. The trial court specifically informed Salter that he would be facing criminal penalties of incarceration. So in that light, defendant was aware of the direct consequence of the lack of availability of community control. If the matter were federally cognizable on collateral review, the state court decision was neither

---

Rev. Code §2929.16 and §2929.17).

1:04CV1682                                    14

contrary to nor involved unreasonable application of federal law as determined by the Supreme Court of the United States.

As for the final part of his fourth ground, which also was presented as purely a matter of state law, Salter contends that he was improperly sentenced to four years contrary to the special sentencing statute applicable to OMVI crimes.  The dispute is over his sentence calculation under a rather complex set of sentencing guidelines.  The state appellate court correctly pointed out that under Ohio Revised Code's §2929.14(D)(4) and §2929.14(A)(3), penalties for felonies of the third degree of one, two, three, four or five years, were available for OMVI offenses in addition to the mandatory prison term specified under §2929.13(G)(2). If the matter were federally cognizable on collateral review, the state court decision was neither contrary to nor an unreasonable application of clearly established federal law, and is without question a correct application of state law.   Of course this presupposes that federal review should occur for both aspects of Salter's final ground.  However, Salter's failure to present his final claims as constitutional grounds to the Ohio Supreme Court bars federal review, since neither cause nor prejudice has been demonstrated.

### *CONCLUSION AND RECOMMENDATION*

Following a review of the petition and applicable law, James Salter has not demonstrated that he is in custody pursuant to judgment of the state court which was the result of a decision contrary to or involving a reasonable application of clearly established federal law as determined by the Supreme Court of the United States or was a result of the decision based

1:04CV1682                                                    15

on reasonable determination of the facts in light of the evidence in the state court proceedings.

See 28 U.S.C. §2254(d)(1) and (2).  There has been no demonstrated need for an evidentiary

hearing See 28 U.S.C. §2254(e)(2).  It is recommended that the petitioner's application for

habeas corpus be denied.


                                                    _____s/James S. Gallas_____
                                                    United States Magistrate Judge

Dated: February 14, 2006


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk

of Court within ten (10) days of mailing of this notice.  Failure to file objections within the

specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See,*

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).