UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **James Salter,** | ) | **CASE NO. 1:04 CV 1682** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sam Tambi, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 15) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, James Salter, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after pleading guilty in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and the Magistrate Judge issued his Report and Recommendation recommending that the Petition for

1

Writ of Habeas Corpus be denied.  Petitioner has filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

In mid-2002, petitioner was arraigned in the Cuyahoga County Court of Common Pleas on a three-count indictment charging him with possession of drugs, possession of criminal tools and driving under the influence of alcohol.  Petitioner subsequently entered a guilty plea to driving under the influence and the two remaining counts were dismissed.  Petitioner thereafter filed a motion to withdraw his plea.  The trial court denied the motion.  On January 14, 2003, petitioner was sentenced to four years incarceration.  (Doc. 13 Exs. 1-5)

Petitioner then filed the instant petition seeking habeas relief, asserting four grounds for review.

Ground One asserts that petitioner was denied his Sixth Amendment right to a jury trial and unconstitutionally sentenced to four years imprisonment based on factors not alleged in the indictment or admitted by him.  The Magistrate Judge found this claim to be barred by procedural default because it was not fairly presented to the Ohio Supreme Court.

Petitioner argues that he fairly presented this claim in a manner best available to him at the time. This Court disagrees.  As the Magistrate Judge determined, petitioner did not raise an

2

*Apprendi* challenge in the state court and although he cited a case which applied *Apprendi v. New Jersey,* 530 U.S. 466 (2000), petitioner cited that case to support a non-*Apprendi* argument.

Ground Two alleges that petitioner was denied due process of law when he was sentenced to a felony of the third degree when the indictment did not properly allege the necessary elements to constitute a felony of the third degree.

This Court agrees with the Magistrate Judge's finding as to this claim.  The Magistrate Judge rejected this claim finding that the indictment contained a specification of prior conviction of driving under the influence offense and although it did not identify the prior conviction as a felony, petitioner does not deny that it was a felony and that both he and his counsel were so aware.  In fact, at the time of his plea, petitioner was informed by the trial court that he would be "pleading guilty to... a felony of the third degree driving under the influence with a prior conviction."  (Doc. 13 Ex. 18)  The specification, read in conjunction with Ohio Revised Code § 4511.99(A)(4)(a)(ii)[1], which elevates the degree of the offense to a third degree felony based on petitioner's prior felony driving under the influence conviction, sufficiently apprised petitioner that he was charged with a felony of the third degree.  On this basis, the state court's rejection of this claim was not contrary to nor an unreasonable application of federal law.

Ground Three alleges that petitioner was denied due process of law when he was not allowed to withdraw his plea where the plea was not knowingly, intelligently, or voluntarily made.

---

[1] In effect at the relevant time, this statutory provision states: "If the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under the circumstances in which the violation was a felony, regardless of when the prior violation and prior conviction or guilty plea occurred, the offender is guilty of a felony of the third degree..."

3

The Magistrate Judge thoroughly examined the reasons given by petitioner in support of his request to withdraw the plea.  Based on applicable federal law, the Magistrate Judge determined that they were not fair and just reasons to allow the withdrawal of the plea and, consequently, there was no unreasonable application of clearly established federal law by the state court.

Petitioner complains that the Magistrate Judge relied on the "condensed version of facts related by the" state court of appeals and that if the entire record were considered, a different conclusion would result.

This Court has reviewed the transcript and agrees with the Magistrate Judge.  Petitioner stated to the trial court that he entered the plea because he feared going to trial on the scheduled trial date given that his wife was to be released from prison on that date and he feared that if he were found guilty he would not have a chance to see her.  Petitioner also stated that he felt pressure from his family, himself, or other sources to plead guilty.  (Doc. 13 Ex. 19) The Court agrees with the Magistrate Judge that under applicable federal law, these reasons are insufficient. *See U.S. v. Burns*, 2000 WL 1171136 (9th Cir. 2000) (The court found that neither family pressure nor anxiety rendered defendant's plea involuntary.  While his mother encouraged him to plead guilty instead of facing a potentially longer sentence, her recommendation was not coercive.) and *Brown v. LaValle*, 424 F.2d 457, 461 (2d Cir.1970) (The court noted that statements encouraging a defendant to accept a guilty plea, which might be considered coercive if made by a prosecutor or a judge, were not coercive when made by the defendant's mother and counsel.)

Ground Four alleges that petitioner "was denied due process of law when he was not

4

informed that under the law he could not receive a community control sanction and where he was improperly sentenced to a term of imprisonment of four years contrary to a special sentencing statute applicable to OMVI sentencing statutes."

The Magistrate Judge determined that this ground is barred from consideration because petitioner did not present this claim on constitutional grounds to the Ohio Supreme Court. This Court agrees. As noted by the Magistrate Judge, this ground is a composite of petitioner's fourth and fifth propositions of law to the Ohio Supreme Court. This Court has reviewed the petitioner's memorandum in support of jurisdiction to the Ohio Supreme Court and agrees that both of these propositions were presented as matters of state statutory construction. (Doc. 13 Ex. 12)

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .

>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

>"[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

>/s/ Patricia A. Gaughan
>PATRICIA A. GAUGHAN
>United States District Judge

Dated: 8/14/06